Edward Francis Salukas, Petitioner *v.* Workmen's Compensation Appeal Board (Mack Trucks, Inc.), Respondents.

Submitted on briefs June 4, 1985, to Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Richard H. Markowitz*, with him, *Quintes D. Taglioli, Markowitz & Richman*, for petitioner.

*Thomas A. Wallitsch, Weaver, Mosebach, Piosa, Hixson, Wallitsch & Marles*, for respondent.

OPINION BY JUDGE ROGERS, August 5, 1985:

Edward Salukas (petitioner) has appealed from an order of the Workmen's Compensation Appeal Board which affirmed a referee's grant of a credit against his employer's obligation to pay workmen's compensation for wages paid the petitioner for the holiday of July 5, 1982.

The facts of this case are not in dispute. The referee accurately states them in his findings:

2. On or about June 2, 1982, Claimant suffered an injury within the course of his employment. . . .

3. As a result of said injury, Claimant was unable to perform his job from June 7, 1982, up to and including August 4, 1982.

4. On or about August 5, 1982, Claimant returned to the same or similar work at the same or greater wage than his pre-injury wage, but with an undetermined residual physical disability which did not reflect itself in a loss of earning power, all entitling the Company to a suspension of Workmen's Compensation benefits effective August 5, 1982.

5. From June 7, 1982, to July 4, 1982, and from July 6, 1982, to August 4, 1982, inclusive, the Company paid to the Claimant Workmen's Compensation benefits at the rate of $284 per week in accordance with the Claimant's average weekly wage at the time of his injury.

6. For July 5, 1982, the Company did not pay the Claimant any Workmen's Compensation benefits but instead paid the Claimant one full day's regular pay as holiday pay.

7. The Company is a party to the collective bargaining agreement with the International Union of United Automobile, Aerospace and Agricultural Implement Workers of America, Local No. 677. The Claimant is a member of that local Union. Article XIV of the collective bargaining agreement, . . . provides that eligible employees would be eligible for holiday pay on July 5, 1982. Claimant was an eligible employee for holiday pay for July 5, 1982. The Company's payment to the Claimant for holiday pay on July 5, 1982, was in accordance with Article XIV.

The petitioner was eligible to receive holiday pay for July 5, 1982, because he met the initial criteria of having completed a probationary period of employment and of having seniority rights. The collective agreement additionally required that to be eligible for holiday pay, the employee must perform work within the qualifying work week, a condition which the petitioner did not satisfy. However, the collective bargaining agreement contained the following double condition which the petitioner met:

However, an employee's failure to perform work within such "qualifying workweek" shall be excused for this purpose if due to one of the following reasons:

(1) A personal injury out of and in the course of employment with the Company, provided such injury has not caused the employee to be absent from work for more than thirty (30) calendar days prior to the holiday.

The petitioner was eligible because his failure to work during the qualifying workweek was due to an injury in the course of his employment and because he worked on June 6, 1982 a day within thirty days prior to July 5, 1982.

The employer filed an application to terminate benefits payable to the petitioner as of August 5, 1982, the date the petitioner returned to work. The referee found that the petitioner had an undetermined residual physical disability and decided to suspend rather than terminate the petitioner's compensation. The referee gave the employer credit for the wages paid the petitioner for the July 5, 1982 holiday. The petitioner appealed this last action to the board and the board affirmed.

An employer is entitled to a credit for a payment made to an employee "in relief of the employee's incapacity to labor. . . ." *Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa. Superior Ct. 165, 173, 38 A.2d 337, 341 (1944). An employer is not entitled to a credit for payment which "is an incident or benefit provided under the work agreement and is an entitlement like wages for services performed." *Temple v. Pennsylvania Department of Highways,* 445 Pa. 539, 542, 285 A.2d 137, 139 (1971). The Pennsylvania Supreme Court explained in *Temple* that sick leave and vacation pay, in contrast to sickness or accident benefits are entitlements similar to wages for services rendered and that they are not payments made in lieu of workmen's compensation. *Id.*

Turning now to the facts, the pay for the holiday July 5, 1982 was not different from vacation pay,

sick pay or sabbatical leave, all entitlements deriving from the employee's services. All qualified employees of the employer received holiday pay; and there is no indication in the collective bargaining agreement or otherwise in this record that money provided the petitioner for the July 4 holiday was other than pay. There is no indication that it was in relief of the petitioner's disability from work injuries; indeed the fact that the bargaining agreement grants holiday pay to injured employees who work within thirty days of the holiday but deny it to those who are disabled for a longer period, indicates the opposite.

Hence, the employer was not entitled to a credit against compensation for the holiday pay disbursed to the petitioner for July 5, 1982 and accordingly we reverse the board's order.

### ORDER

AND Now, this 5th day of August, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.