507 A.2d 902

Thomas Hartwell, Petitioner *v.* Workmen's Compensation Appeal Board (McLean Trucking Co.), Respondents.

Thomas Yesovich, Petitioner *v.* Workmen's Compensation Appeal Board (McLean Trucking Co.), Respondents.

Walter Gurgacz, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (McLean Trucking Co.), Respondents.

Argued March 10, 1986, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Ernest B. Orsatti, Jubelirer, Pass & Intrieri, P.C.,* for petitioners.

*Joseph F. Grochmal,* with him, *Leonard P. Kane, Jr.,* and *Michael D. Sherman, Fried, Kane, Walters and Zuschlag,* for respondent, McLean Trucking Company.

OPINION BY JUDGE CRAIG, April 9, 1986:

These three workmen's compensation appeals, consolidated for argument and decision because they all

turn upon one question of law, involve claimants' petitions for review questioning decisions of the Workmen's Compensation Appeal Board which affirmed the allowance of credit to the employer against the employer's workmen's compensation obligations, for holiday pay received by each of the claimants. Generally stated, the question is:

Where each employee's entitlement to holiday pay is conditioned upon the worker having worked for a specified amount of time during the preceding period, but a relief provision allows lost time for compensable injury to be counted as an alternative basis for such entitlement, is the employer entitled to credit against its workmen's compensation obligation, with respect to the days covered by the receipt of such holiday pay, in cases where the entitlement rests entirely upon the relief provision for injured workers?

The facts concerning these claims of claimants Hartwell, Yesovich and Gurgacz are undisputed and, for the purposes of the present question, identical. Each of the Claimants was disabled by a job injury from working during the latter part of 1981 and for at least the first few days of 1982. With respect to a total of five holidays attributable to the Thanksgiving, Christmas and New Year's holidays of that period, the employer, McLean Trucking Company, paid five days of holiday pay to each claimant in accordance with a collective bargaining agreement provision which states:

> (b) Any regular employee who does not work on the holiday but who has worked 135 hours in the thirty (30) consecutive work days immediately preceding the holiday shall be entitled to ten (10) hours' pay at the straight time hourly rate for such holiday. Time lost due to vacation or within six (6) months of absence due to a compensable injury shall be used in computing

hours worked, if that employee would have received such holiday pay but for the compensable injury.

None of the claimants worked on the pertinent holidays nor had any of them met the working hour standard specified by the agreement for the period. Their entitlement to the holiday payments was based upon the provision that time lost due to a compensable injury shall be used in computing qualifying work hours.

The Pennsylvania Supreme Court, in *Temple v. Pennsylvania Department of Highways,* 445 Pa. 539, 285 A.2d 137 (1971), has quoted with approval the statement in *Creighton v. Continental Roll & Steel Foundry Co.,* 155 Pa. Superior Ct. 165, 38 A.2d 337 (1944), that

> [t]he decisions hold that when an employee is *totally disabled* and the employer, while denying any liability for workmen's compensation, nevertheless pays the employee regular stated amounts, weekly or monthly, either out of its own general funds, or out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employee's incapacity to labor, on its being determined that the employee is entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation *for the weeks* in which its payments to him equalled or exceeded the compensation payable.

155 Pa. Superior Ct. at 173, 38 A.2d at 341 (emphasis in the original).

Summarized, the principle is that the employer is not entitled to credit for payments which come out of, and therefore reduce, an accrued entitlement which the employee has built up by his performance of services

for the employer. Thus, the employer is not entitled to credit for payments out of earned sick leave nor for vacation pay. In *Temple*, the Supreme Court held that accrued sick leave, like vacation pay, is an earned entitlement which otherwise would be available to the employee for non-work incurred disability. *Steinle v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 241, 393 A.2d 503 (1978); *Workmen's Compensation Appeal Board v. Olivetti Corp.* 26 Pa. Commonwealth Ct. 464, 470, 364 A.2d 735, 738 (1976). Consistently, an employer is not entitled to workmen's compensation credit for sabbatical leave pay, *Panaci v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 188, 443 A.2d 881 (1982), because such pay constitutes compensation in return for services, not payments contributed by the employer in relief of the inability to work.

In contrast, an employer is entitled to credit against workmen's compensation obligations for matters covered by medical or hospitalization insurance provided at the employer's expense, *Simpson v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 51, 408 A.2d 1186 (1979); *Steinle*. Similarly, employer payments of sickness and accident benefits or sickness and accident insurance, provided as relief for inability to work, are eligible for workmen's compensation credit. *Peoples Natural Gas Co. v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 119, 441 A.2d 1364 (1982); *Olivetti; Creighton*.

When holiday pay is analogous to vacation and sabbatical pay, that is, when entitlement to it arises from the performance of services for the employer during some stated preceding period, this court has explicitly refused to allow credit to the employer for such holiday pay. *Salukas v. Workmen's Compensation Appeal Board*, 90 Pa. Commonwealth Ct. 612, 496 A.2d 425 (1985).

*Salukas* is the precedent most pertinent to the present issue because holiday pay entitlement in that case, in addition to requiring the performance of work within a qualifying period, also involved a relief provision which Judge ROGERS, in the *Salukas* opinion, described as follows:

> The petitioner was eligible to receive holiday pay for July 5, 1982, because he met the initial criteria of having completed a probationary period of employment and of having seniority rights. The collective agreement additionally required that to be eligible for holiday pay, the employee must perform work within the qualifying work week, a condition which the petitioner did not satisfy. However, the collective bargaining agreement contained the following double condition which the petitioner met:
>
> However, an employee's failure to perform work within such 'qualifying work-week' shall be excused for this purpose if due to one of the following reasons:
>
> (1) A personal injury out of and in the course of employment with the Company, provided such injury has not caused the employee to be absent from work for more than thirty (30) calendar days prior to the holiday.
>
> The petitioner was eligible because his failure to work during the qualifying work-week was due to an injury in the course of his employment and because he worked on June 6, 1982 a day within thirty days prior to July 5, 1982.

*Id.* at 614, 496 A.2d at 426-27.

Accordingly, this court regarded the *Salukas* holiday pay as pay for services, adding:

> There is no indication that it was in relief of the petitioner's disability from work injuries; indeed

the fact that the bargaining agreement grants holiday pay to injured employees who work within thirty days of the holiday but deny it to those who are disabled for a longer period, indicates the opposite.

*Id.* at 616, 496 A.2d at 427.

The last mentioned point embodies the single, but crucial distinction between this case and *Salukas*. The *Salukas* qualification requirement called for some services to the employer during the qualifying period. In this case, the above-quoted relief provision allows the disabled employee to qualify for holiday pay solely upon the alternative basis, without having to provide any actual work during the qualifying period. The different aspect of this case is that the specific entitlement of these claimants was based entirely upon their work-incurred disabilities during the period, rather than upon performance of any services for the employer during the qualification period.

Accordingly, the conclusion here must be that this case falls narrowly on the other side of the line from *Salukas*, so that the employer is entitled to credit.

The claimants' brief stresses the view that the holiday payments did not go to the claimants *by virtue* of their work-related injuries but rather *despite* their work-related injuries. However, that argument rests upon a distinction having more significance in semantics that in logic. Regardless of the terms selected, the fact remains that the claimants' disabilities supplied the sole warrant for their holiday pay.

More in support of the claimants' position is the practical realization that, if each of these claimants had not been disabled by his work-incurred injury, he clearly *could have* worked on the job that number of hours during the preceding period which would have earned him entitlement to the holiday pay by virtue of his

services. For example, under the standard quoted above, there could be an employee who had performed some work within the thirty days preceding a holiday but became disabled by a job injury before the holiday period arrived; under *Salukas*, that employee's holiday pay clearly would be earned and not subject to compensation credit. This difficult question, however, must be resolved on the basis of the actual facts rather than upon any speculation of what might have been. Because these particular holiday payments came wholly as a consequence of the claimants' disabled status, rather than on the basis of having worked for any number of hours, this court must conclude that the board was correct as a matter of law in allowing credit to the employer.

The claimants also contend that the collective bargaining agreement evidences a mutual intention of the bargaining parties to keep the disabled worker from being disadvantaged economically by his injury—suggesting, as noted above, that were it not for his injury, he could have worked to earn the benefit like his more fortunate coworkers. However, in addition to the fact that the core of this case is interpretation of the compensation law rather than the parties' intentions, we note that alternative interpretations are just as plausible. Because each day's holiday pay in this case happens to have been greater than the compensation payment for the day, there could also be an argument that the purpose of the provision was instead just to save the injured worker from that loss of dollars, for the day, which he would incur if he received only workmen's compensation in the absence of any provision counting lost time in place of worktime. Such contract interpretations merely serve to lead us astray from the central concern, the application of the statutory program in the context of the facts.

### ORDER IN 794 C.D. 1984

Now, April 9, 1986, the order of the Workmen's Compensation Appeal Board, at Docket No. A-83962, is affirmed.

### ORDER IN 795 C.D. 1984

Now, April 9, 1986, the order of the Workmen's Compensation Appeal Board, at Docket No. A-83963, is affirmed.

### ORDER IN 796 C.D. 1984

Now, April 9, 1986, the order of the Workmen's Compensation Appeal Board, at Docket No. A-83964, is affirmed.