618 A.2d 1178

**Andrew MURHON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (KAWECKI BERYLCO, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 23, 1992.

Decided Dec. 16, 1992.

Marc S. Jacobs, for petitioner.
Nancy M. Harris, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Andrew Murhon (Murhon) petitions this court for review of an order of the Workmen's Compensation Appeal Board (Board) which granted Kawecki Berylco Industries, Inc. (employer) a credit for disability pension benefits paid to Murhon for the period from January 1, 1977 to March 20, 1981. We affirm.

The procedural history of this case has its genesis in the original claim petition filed by Murhon on January 25, 1977 pursuant to Section 108(a) of The Pennsylvania Workmen's Compensation Act (Act),[1] alleging total disability as a result of berylliosis, an occupational disease. The employer denied that Murhon's disability was due to any occupational exposure. The referee's initial determination awarded Murhon temporary total disability benefits based on his exposure to berylliosis and granted his employer a credit against workmen's compensation benefits for the disability pension benefits paid to Murhon since October 19, 1976.[2]

After cross appeals were taken, the Board's July 26, 1979 order remanded the matter to the referee for more specific factual findings as to whether Murhon suffered from berylliosis and to support the grant of a credit to the employer. Subsequent cross appeals to this court were quashed as interlocutory and unappealable, clearing the way for the referee's decision of July 10, 1986, in which Murhon was awarded total disability benefits as a result of berylliosis and the

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 27.1(a).

2. This decision was issued on February 9, 1979 by the Referee Thomas B. Noonan, now deceased. Referee Noonan found Murhon totally disabled due to berylliosis on October 19, 1976 and that the employer was entitled to a credit for the disability pension benefits paid to Murhon from October 19, 1976. Findings of Fact Nos. 4 and 12. Referee Howard Spizer was then assigned the matter after Referee Noonan's death, and affirmed that part of Referee Noonan's decision finding Murhon totally disabled as of October 19, 1976, but recalculated the credit period to begin on January 1, 1977, the date Murhon actually began to receive those benefits.

employer was again granted a credit for disability pension payments.

By order dated November 7, 1988, the Board dismissed the employer's appeal, sustained Murhon's appeal and once again remanded to the referee for the sole purpose of making specific factual findings regarding the eligibility requirements for the disability pension payments in order to determine employer's entitlement to a credit. In a decision issued December 28, 1989, the referee made the following findings of fact:

8. After review of the Briefs of both counsel, this Referee finds that the defendant made contributions to the disability pension plan and that the claimant was neither required nor permitted to make contributions to the plan.

9. This Referee finds that the claimant would not have been entitled to his full pension benefits until he had 30 years of service and had exceeded age 62. Accordingly, the claimant would not have been entitled to the full amount of his retirement benefits until March 20, 1981 when he would have had 30 years service with the defendant company.

10. Since the claimant applied for and received a disability pension on January 1, 1977, he received disability pension benefits 4 years, 2 months and 20 days earlier than he would have had he continued employment until he had completed 30 years of service. This Referee finds that the employer is entitled to a credit for the period from January 1, 1977 to March 20, 1981 as the claimant received his pension benefits earlier than he would have been entitled had he completed his 30 years of service with the defendant.

The referee therefore concluded that the employer was entitled to a credit for the period January 1, 1977 to March 20, 1981. The Board affirmed and this appeal followed.

■ Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law committed, or findings of fact were supported by substantial evidence. *Furnco Construction Corp. v. Workmen's Compensation Appeal Board (Dorogy)*, 124 Pa.Commonwealth Ct. 17,

555 A.2d 275 (1989). Our review herein will be further confined to determining whether the referee erred as a matter of law in awarding the employer a credit, since Murhon's appeal is similarly confined to this narrow issue.

Murhon argues on appeal that the disability pension benefits were 1) earned by him for service to his employer; and 2) were based on his disability, regardless of the cause of the disability. He further asserts that the referee misconstrued the terms relative to disability pensions in the collective bargaining agreement. Murhon argues that a proper reading of those terms makes it clear the disability pension is an accrued entitlement for services to the employer and that he was entitled to it regardless of whether he suffered a compensable injury. That is, the pension was not paid to him in relief of his inability to labor. *Hildebrand v. Workmen's Compensation Appeal Board (Fire Department/City of Reading)*, 111 Pa.Commonwealth Ct. 24, 532 A.2d 1287 (1987).

While the issue of pension credits is certainly not an issue of first impression for this court, we have been unable to find any case which precisely fits the factual situation involved here. Thus, we must closely scrutinize the decisions that have dealt with this very fact-specific issue in order to determine if the legal requirements for a credit have been met by the employer.

The factual situation in this case is as follows:

1. Murhon was born on August 10, 1916;

2. He last worked for his employer on February 23, 1976;

3. Murhon applied for and began receiving disability retirement pension benefits on January 1, 1977;

4. The terms of the pension plan he drew from were:

   i) that the employee have ten or more years of vesting service;

   ii) that the employee have suffered a disability;

   iii) that the employee was neither permitted nor required to contribute to the plan;

   iv) that it was payable for the duration of the disability;

   v) that Murhon received $252.50 per month.

■■■■ Our analysis begins with an understanding that the underlying intent of The Pennsylvania Workmen's Compensation Act is to compensate only work-related injuries or those causally connected thereto. *See Sheehan v. Workmen's Compensation Appeal Board (Supermarkets General)*, 143 Pa.Commonwealth Ct. 624, 600 A.2d 633 (1991), *petition for allowance of appeal denied*, 530 Pa. 663, 609 A.2d 170 (1992). In that regard, the employer who, while denying any liability for workmen's compensation, makes payments of regularly stated amounts to an employee will be allowed a credit against its later determined obligation to make workmen's compensation benefits as long as the payments were made in relief of the employee's incapacity to labor. *Creighton v. Continental Roll & Steel Foundry Co.*, 155 Pa.Super. 165, 38 A.2d 337 (1944).

In the decisions which followed *Creighton*, the courts attempted to clarify the pension credit issue by distinguishing between the purpose behind payments and determining whether those payments depleted benefits which the employee would not be required to deplete if the disability were nonoccupational. Specifically, the Supreme Court in *Temple v. Pennsylvania Department of Highways*, 445 Pa. 539, 285 A.2d 137 (1971), denied a credit to employer for sick leave paid to employee, concluding that sick leave, like vacation pay, was an incident or benefit provided for under the work agreement to which employee was entitled to regardless of whether he suffered a compensable injury. As such, the employee would have been required to deplete an exhaustible benefit had employer been allowed a credit against its workmen's compensation obligation.

Sabbatical leave and holiday pay have also been determined to be incidents or benefits of employment for which no credit will be allowed to the employer. *Panaci v. Workmen's Compensation Appeal Board (Scranton School District)*, 66 Pa.Commonwealth Ct. 188, 443 A.2d 881 (1982); *Salukas v. Workmen's Compensation Appeal Board (Mack Trucks, Inc.)*, 90 Pa.Commonwealth Ct. 612, 496 A.2d 425 (1985). However, where the holiday payments were made "wholly as a conse-

quence of the claimants' disabled status, rather than on the basis of having worked for any number of hours ..." the employer will be entitled to a credit in this instance. *Hartwell v. Workmen's Compensation Appeal Board (McLean Trucking Co.),* 96 Pa.Commonwealth Ct. 313, 320, 507 A.2d 902, 905 (1986).

▮ An employer will also be allowed a credit against workmen's compensation obligations where the payments are in the nature of sickness and accident benefits voluntarily paid in relief of the employee's inability to work, *Peoples Natural Gas Co. v. Workmen's Compensation Appeal Board (Keith),* 65 Pa.Commonwealth Ct. 119, 441 A.2d 1364 (1982); or where medical and hospital insurance is provided at the employer's expense, *Simpson v. Workmen's Compensation Appeal Board,* 48 Pa.Commonwealth Ct. 51, 408 A.2d 1186 (1979).

Additionally, the court has focused on the identity of the party who is paying for the benefit for which employer seeks a credit. In *School District of Philadelphia v. Workmen's Compensation Appeal Board (March),* 109 Pa.Commonwealth Ct. 463, 531 A.2d 547 (1987), *petition for allowance of appeal denied,* 519 Pa. 657, 546 A.2d 61 (1988), a claimant was receiving benefits under the school district's wage continuation program for non-occupational sickness and accident benefits. Determining that the school district's and the claimant's contributions of premiums to the plan were each fifty per cent, the court allowed the school district a fifty per cent credit against its workmen's compensation obligation. *Id.* 109 Pa. Cmwlth. at 471, 531 A.2d at 551.

Most recently, this court addressed a situation closer in fact to this one. In *Allegheny Ludlum v. Workmen's Compensation Appeal Board (Pavlik),* 141 Pa.Commonwealth Ct. 219, 595 A.2d 680 (1991), we concluded that a credit must be granted to the employer for pension payments made pursuant to a collective bargaining agreement that specifically provided for a deduction against those payments for workmen's compensation benefits. While the collective bargaining agreement herein does not, as Murhon correctly points out, contain similar language which would render *Allegheny Ludlum* con-

trolling, we believe that the employer is also entitled to a credit here.

The terms of the disability pension retirement plan under which Murhon was paid show that the plan was non-contributory. In fact, Section 6.2 states that employees "shall not be required or permitted to make contributions to the plan." Exhibit D–1, Pension Plan. The employer would thus be allowed a full credit, as opposed to a fifty per cent credit allowed employer in *School District of Philadelphia.* Moreover, the fact that the pension plan is not limited (entitlement continues for the duration of the disability, § 3.5, Exhibit D–1), also shows that it is not depleting any benefit to which Claimant is or would be entitled. *Temple.*

Finally, this court has determined that it makes no difference that Murhon's pension was payable regardless of whether the disability was work-related or not because it was paid during a period when it was finally determined that Murhon had a work-related disability. Even if Murhon were to return to work for Employer at some future date, the pension would still be available to him for a non work-related disability.

Accordingly, based on the foregoing reasons, the order of the Board is affirmed.

## ORDER

AND NOW, this 16th day of December, 1992, the order of the Workmen's Compensation Appeal Board dated April 24, 1992 in No. A90–140 is affirmed.