**Kathy GENTILE–REINER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL
BOARD (CITIZENS GENERAL
HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 6, 1997.

Decided July 21, 1997.

Reconsideration Denied Sept. 5, 1997.

Charles E. McKissock, Pittsburgh, for petitioner.

Michael A. Cohen, Pittsburgh, for respondent.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Kathy Gentile–Reiner (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed a decision of a Workers' Compensation Judge (WCJ) denying the modification petition filed by Citizens General Hospital (Employer) and ordering reimbursement to Claimant of her litigation expenses, including attorney's fees. We reverse.

Claimant has been receiving workers' compensation benefits pursuant to a notice of compensation payable issued as a result of a work-related injury that occurred on April 25, 1988. In addition to partial disability workers' compensation benefits, Claimant received disability benefits paid pursuant to a long term disability insurance policy that was part of a union/employer negotiated employee benefit program. Employer funded the disability policy, which was paid to disabled full time employees regardless of whether the disability was work-related or non-work-related. The policy provided for a basic monthly benefit and was reduced by earnings and workers' compensation benefits. In Claimant's case, the resulting disability payment was $120.00 per month.

On July 12, 1993, Employer filed a modification petition, requesting a credit for the long term disability benefits against its workers' compensation payments. Claimant filed a penalty petition requesting counsel fees.

The WCJ in part concluded that:

3. The pending problem does not involve a disability pension, but rather a general disability insurance policy, which was bargained for and therefore the *Murhon* case is distinguishable. *Murhon v. W.C.A.B. (Kawecki Berylco)*, 152 Pa.Cmwlth.229, 618 A.2d 1178 (1992) [*petition for allowance of appeal denied*, 536 Pa. 648, 639 A.2d 34 (1994) ].

4. Since the insurance policy was bargained for by claimant's union and there is a policy statement by the employer that it does not affect worker's compensation, no credit or set-off is appropriate and the *Peoples Gas* case is also distinguishable. *Peoples Natural Gas v. W.C.A.B.*, 65 Pa. Cmwlth. 119, 441 A.2d 1364 (1982).

(WCJ's Conclusions of Law, p. 6.) Therefore, the WCJ ordered no modification of Claimant's partial disability workers' compensation benefits as it concerned the disability insurance payments and also ordered that Employer must reimburse Claimant for litigation costs and counsel fees for an unreasonable contest.

Employer appealed to the Board, arguing that based on *Murhon* it was entitled to a credit for the long term disability payments. The Board discussed the principles set out in the *Murhon* opinion,[1] comparing those principles with the facts as they exist here. The Board related that Claimant received the long term disability benefits in lieu of compensation and in relief of her inability to work, that no benefit to which Claimant was otherwise entitled was depleted, and that Employer alone paid for the disability insurance coverage. In particular, the Board noted that the disability insurance policy provided for the deduction of workers' compensation benefits from the disability insurance benefits. The Board concluded that *Murhon* and *Allegheny Ludlum* control the outcome here and that Employer should be granted a credit. The Board also concluded that Employer had presented a reasonable contest and reversed the WCJ's award of attorney's fees.

On appeal to this Court,[2] Claimant presents a number of arguments concerning the setoff or credit issue and argues that the Board's decision nullified the terms of the collective bargaining agreement. Upon a review of the briefs and the record before us, we believe that the Board misunderstood the issue before it.

■ In its modification petition Employer is requesting reimbursement of funds paid to Claimant under the disability insurance policy *beyond* the setoff it was already receiving pursuant to the collective bargaining agreement and the disability insurance policy. By way of example, for the period between August 25, 1993 and September 25, 1993, Claimant's monthly benefits from the long term disability insurance policy was calculated as follows:

| | |
|---|---|
| Basic monthly benefit | $1200.00 |
| Earnings reductions | 173.60 − |
| Workers' compensation reduction | 906.40 − |
| Net | 120.00 |

(Reproduced Record, p. 39.) The collective bargaining agreement and a brochure outlining this formula are contained in the record. (See R.R. pp. 52 and 56.) The brochure also states that: "The [long term disability insurance] policy is not in lieu of, and does not affect, any requirement for coverage by workers' or workmen's compensation insurance." (R.R. p. 38.)

As a result, Employer has all along been receiving a credit for the workers' compensation benefits it has been paying to Claimant. In essence, Employer is now attempting to lower the workers' compensation benefits it pays to Claimant by the $120.00 per month it has been paying Claimant under the long term disability insurance policy, which the WCJ found to total $8,532.45.

1. In citing *Murhon,* the Board recognized that an employer is entitled to credit against workers' compensation benefits when payments are made in lieu of compensation and in relief of an employee's inability to labor, but is not entitled to credit for benefits of employment that are entitlements, such as wages for services performed, or benefits that an employee would not be required to deplete if the disability were not work-related. The Board noted other considerations, i.e., who paid for the benefits that formed the basis for the credit (employer or employee) and whether a collective bargaining agreement contained setoff language concerning worker's compensation and pension payments, citing *Allegheny Ludlum, Inc. v. Workmen's Compensation Appeal Board (Pavlik)*, 141 Pa.Cmwlth.219, 595 A.2d 680 (1991).

2. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

The reasoning espoused by the court in *Arbogast & Bastian Inc. v. Workmen's Compensation Appeal Board (Bauer)*, 79 Pa. Cmwlth.364, 468 A.2d 1220 (1984), and in *Peoples Natural Gas Co. v. Workmen's Compensation Appeal Board*, 65 Pa.Cmwlth. 119, 441 A.2d 1364 (1982), and their reliance on *Creighton v. Continental Roll & Steel Foundry Co.*, 155 Pa. Superior Ct. 165, 38 A.2d 337 (1944), is instructive and provides guidance to this Court with regard to the outcome of the case before us.

In *Peoples Gas*, the court found that the claimant was paid wages in the nature of sickness or accident benefits pursuant to a contractual agreement. The court deemed these payments to be in relief of the claimant's inability to work and, thus, the employer was entitled to a credit. However, in clarifying the referee's order, the court, relying on *Creighton*, made clear that the employer's "[p]ayments to [the claimant] discharged its liability for workmen's compensation for those weeks in which its payments equaled or exceeded the compensation due. Payments made by [the employer] in excess of the compensation payable, however, may not be credited on future installments of compensation." *Peoples Gas*, 441 A.2d at 1368.

When examining the situation here, we realize that the method of providing credit to Employer was the reverse of the situation in *Peoples Gas*. In *Peoples Gas*, liability for the injury had been at issue and while litigation ensued a contractual agreement provided for full pay to the claimant for eighteen weeks and half pay for the rest of the fifty-two weeks. After liability was determined, the employer requested credit for the payments it made under the agreement. The court granted credit but only up to the amount of the workers' compensation award, denying a carry over for further credit on future installments of compensation due in excess of the workers' compensation amount paid.

Although we are aware that adjustments to Claimant's workers' compensation benefits have been made based upon changes that are not at issue here, Claimant's workers' compensation benefits have not been reduced as

a result of the disability insurance paid to her. In fact, the opposite has occurred; Claimant's disability insurance payment has been reduced by the amount paid Claimant under workers' compensation. Employer cannot have it both ways. By agreement Employer assented to a deduction from the disability payment for amounts paid pursuant to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1041.4. Moreover, Employer recognized that providing a disability insurance policy for its employees does not affect its employees' rights under the Act. Thus, relying on *Creighton*, we hold that Employer cannot receive credit for payments made in excess of the amount of the workers' compensation benefits it is required to pay.

With regard to the question of attorney's fees, we hold that the Board erred in determining that a reasonable basis for the contest existed.[3] In seeking modification of Claimant's benefits, Employer relied on *Murhon*, a case that is not factually similar. *Murhon* concerned an employer's petition requesting credit against workers' compensation for monthly pension benefits; here a disability insurance policy was at issue. Moreover, in *Murhon* the collective bargaining agreement was silent as to credit, while here the collective bargaining agreement clearly provides for a credit against the disability insurance benefit. Employer cannot negate through a petition for modification what it had agreed to in the collective bargaining agreement.

Accordingly, the Board's order is reversed.

### ORDER

NOW, July 21, 1997, the order of the Workers' Compensation Appeal Board, at No. A94–3343, dated December 20, 1996, is reversed.

---

3. *See* Section 440(a) of the Act, 77 P.S. § 996(a).