**Larry OLEKSA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (KEYSTONE COAL MINING CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 1999.

Decided July 20, 1999.

Blair V. Pawlowski, Ebensburg, for petitioner.

George H. Thompson, Pittsburgh, for respondent.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

LORD, Senior Judge.

Larry Oleksa petitions this Court for review of a Workers' Compensation Appeal Board (Board) order that affirmed a Workers' Compensation Judge's decision (WCJ) granting Keystone Coal Mining Corporation's (Employer) modification petition and granting an offset or credit against Oleksa's workers' compensation benefits.

---

8. Section 301(c)(1) of the Act, 77 P.S. § 411(1).

The WCJ found that Oleksa suffered an injury on June 11, 1992 and again on August 17, 1992 while working for Employer. Thereafter, Oleksa filed two claim petitions, both of which were granted, and he received workers' compensation benefits for his injuries. On November 5, 1996, Employer filed a modification petition, requesting an offset or credit against Oleksa's compensation from that date forward, since he was receiving a United Mine Workers' of America (UMWA) monthly disability pension.

The WCJ found that both Oleksa and Kyu Won Lee, assistant director for eligibility services for the UMWA health and retirement funds, credibly testified in this matter. Based on this testimony, the WCJ concluded that Employer was entitled "to a credit for minimum disability pension benefits received by Employee[,]" citing *Murhon v. Workmen's Compensation Appeal Board (Kawecki Berylco, Inc.)*, 152 Pa.Cmwlth. 229, 618 A.2d 1178 (1992), *appeal denied*, 536 Pa. 648, 639 A.2d 34 (1994). (*See* Conclusion of Law No. 2, WCJ's decision filed October 8, 1997).

The Board affirmed the WCJ's decision. Oleksa then appealed here, querying whether UMWA disability pension benefits can be offset against his workers' compensation benefits, where, he contends, they are not paid in relief of his inability to labor.[1]

The WCJ specifically found based on the credible testimony of record that Oleksa did not contribute to the UMWA disability pension fund; that employees must sustain a work-related injury to be eligible for disability pension benefits; that these benefits would not be depleted; that these benefits would cease if he recovered from his disability; and that Oleksa could have

qualified for these benefits on the first day that he began working, although, had he been injured then, he would have been entitled to a lesser benefit than he now receives with his "regular" (as opposed to a "minimum") disability pension. (*See* Findings of Fact Nos. 6(c)–7, WCJ's 10/08/97 decision).

We explained in *Toborkey v. Workmen's Compensation Appeal Board (H.J.Heinz)*, 655 A.2d 636, 640 (Pa.Cmwlth.1995), *appeal denied*, 541 Pa. 655, 664 A.2d 544 (1995),

> that, while the factors employed by the courts have varied in response to the facts of each case, such as whether benefits are depleted or who pays for the benefit, *the critical determination to be made in every case is whether the payments made are in the nature of wages or are in lieu of compensation.*

(Emphasis added).

Oleksa asserts that, in accordance with our decision in *Toborkey*, Employer herein is not entitled to a credit for its payment of UMWA disability pension benefits. In *Toborkey*, we held that the employer was not entitled to a credit against workers' compensation benefits for either the death and disability insurance benefit or the disability pension that the claimant received. Oleksa points out that there, as here, the applicable collective bargaining agreement did not provide for any offset for disability benefits and that the available amount of disability pension benefits is partially based on years of service.

However, we do not agree with Oleksa that *Toborkey* controls, since, in that case, the employer's payment of the death and disability insurance benefit depleted that benefit such that it would be unavailable if he later suffered a non-work-related disability or when he died. Further, the

---

1. Our scope of review on appeal is limited to a determination of whether constitutional rights have been violated, whether there have been errors of law, and whether findings of fact are supported by substantial, competent evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). *See also Marsh v. Workmen's Compensation Appeal Board (Prudential Insurance Co.)*, 673 A.2d 33 (Pa.Cmwlth. 1996).

disability pension benefit at issue in *Toborkey* was available to the claimant only upon a minimum amount of years of service and only upon retirement; it was a benefit he could elect even if his disability was not compensable; and it would continue throughout his lifetime.

We agree with the WCJ, the Board, and Employer that *Murhon* is more akin to the case at bar than is *Toborkey*, although we believe that *Murhon* is not strictly on point. In *Murhon*, we held that the employer was entitled to a credit for disability pension benefits even though the collective bargaining agreement there, like the one here, did not provide for an offset against workers' compensation benefits. We also explained that the disability pension plan in that case (only available if the claimant had at least ten years of vesting service) was non-contributory and continued throughout the period of disability. Therefore, the plan did not deplete any benefit to which the claimant was or would be entitled, even though the pension benefits were available regardless of whether the claimant's disability was work-related.

In the matter *sub judice*, as already stated, the record shows that Oleksa did not help to fund the disability pension benefits that he received; that these benefits were available only because he suffered a work-related disability; and that these benefits would again be available if he returned to work and suffered yet another work-related disability. We are therefore satisfied that they were paid in relief of Oleksa's inability to labor and in lieu of compensation, such that Employer is properly entitled to a credit.

Contrary to Oleksa's assertions, we do not agree that the recent amendment to the Act,[2] which provides that an employer should receive an offset against compensation for pension plan benefits that it funds, proves Employer was not entitled to an offset before the effective date of the Act.

As the Board explained, "[a]s we have indicated, and the Judge indicated in his Decision, precedents such as *Murhon* and *Hildebrand v. Workmen's Compensation Appeal Board (Fire Department/City of Reading)*, 111 Pa.Cmwlth. 24, 532 A.2d 1287 (1987), recognized the availability of a credit for disability pensions under certain circumstances prior to August 23, 1996, the effective date of Act 57." (Board decision dated November 13, 1998, p. 7).

This being the case, and for all of the above reasons, we affirm the decision of the Board.

### ORDER

AND NOW, this 20th day of July, 1999, the Order of the Workers' Compensation Appeal Board, at No. A97–4446, dated November 13, 1998, is hereby affirmed.

---

2. Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, June 24, 1996, P.L. 350, No. 57.