**ESAB WELDING & CUTTING PRODUCTS, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Wallen), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 17, 2009.

Decided May 22, 2009.

Publication Ordered Aug. 10, 2009.

R. Burke McLemore, Jr., Harrisburg, for petitioner.

Drew P. Gannon, York, for respondent.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and KELLEY, Senior Judge.

Opinion By Judge BUTLER.

ESAB Welding & Cutting Products (Employer) petitions for review of the December 19, 2008 order of the Workers' Compensation Appeal Board (Board) affirming[1] the Workers' Compensation Judge's (WCJ) order denying and dismissing Employer's review, suspension and termination petitions and granting Michael Wallen's (Claimant) review petition. The issues in this case are as follows: 1) whether the Board erred as a matter of law in determining that Employer was not entitled to credit for holiday and vacation payments made to Claimant pursuant to a collective bargaining agreement (CBA); 2) whether there was sufficient evidence for the Board to determine that Claimant had not withdrawn from the workforce such as would support its denial of Employer's petition for suspension of benefits; and 3) whether there was sufficient evidence to grant Claimant's review petition to enlarge the scope of injury. For the following reasons, we affirm the Board's order.

On July 30, 2003, Claimant suffered a back injury in the course and scope of his employment, and began receiving workers'

1. The December 19, 2008 order also modified the effective date of Claimant's disability status to July 28, 2005.

compensation benefits. Effective July 28, 2005, Claimant's disability status was modified from total to partial disability pursuant to an impairment rating evaluation (IRE). Employer filed a suspension petition on March 30, 2007 alleging that Claimant had voluntarily withdrawn from the workforce, and it filed a review petition claiming it was entitled to credit for holiday and vacation payments made to Claimant while he was receiving workers' compensation benefits. Claimant filed a review petition on April 10, 2007 arguing that his injury was described incorrectly on the Notice of Compensation Payable (NCP), and that the modification date of his benefit status was incorrect.

■ On February 21, 2008, the WCJ issued an order denying Employer's suspension and review petitions, and granting Claimant's review petition. Specifically, the WCJ amended the NCP to include a lumbar strain, an aggravation of Claimant's degenerative disc disease with lower back pain, and radicular symptoms into the left leg as a result of the July 30, 2003 work incident; he found that Claimant had not voluntarily withdrawn from the workforce; he also found that Employer was not entitled to a credit for the holiday and vacation payments because it had made those payments pursuant to the CBA; and he modified the effective date of Claimant's change in benefits status to September

ber 15, 2005, the date of the IRE. Employer appealed to the Board which affirmed the WCJ except for the date of Claimant's change in benefits status, which the Board determined was July 28, 2005. Employer appealed to this Court.[2]

■ Employer first argues that the Board erred in affirming the WCJ's conclusion that it was not entitled to credit for holiday and vacation payments made to Claimant while he was receiving workers' compensation benefits. Employer claims that the payments were made solely by reason of Claimant's disability status and not for any work performed, and Claimant's average weekly wage, which was used to determine his disability benefits, was calculated based on the inclusion of the holiday and vacation payments, thereby essentially doubling the payments to Claimant.

Section 450(a)(1) of the Workers' Compensation Act (Act),[3] provides that an employer and an employee union may agree through a CBA to establish certain binding obligations and procedures related to workers' compensation benefits, as long as the scope of the agreement is limited to, *inter alia*, benefits *supplemental* to those provided in Sections 306 and 307 of the Act.[4]

The CBA included the following provisions related to holidays and vacation pay

---

2. The Court's review of the Board's order is limited to determining whether Claimant's constitutional rights have been violated, whether an error of law has been committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Visteon Sys. v. Workers' Comp. Appeal Bd. (Steglik)*, 938 A.2d 547 (Pa. Cmwlth.2007).

3. Act of June 2, 1915, P.L. 736, *as amended*, added by Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.6(a)(1).

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 511, 511.1, 511.2, 542, 561, 562 (related to compensation for total disability; payment of compensation during incarceration or employment; medical examinations requested by insurer; payments on behalf of children or insane persons; persons entitled to compensation on death of an employee; and compensation to minor/dependant children, minor/dependant siblings, or widows/widowers). Sections 306(a.1), 77 P.S. § 511.1, and 306(a.2), 77 P.S. § 511.2, were added by Act of June 24, 1996, P.L. 350.

when an employee is receiving workers' compensation benefits:

## Article Seventeen

## Holidays

. . . .

Section D.

. . . .

2. If a holiday falls when an employee is absent due to an industrial injury and is receiving Worker's [sic] Compensation, he/she will be paid the difference between that daily rate and his/her Holiday pay.

. . . .

## Article Eighteen

## Vacations

. . . .

Section A.   Vacation Eligibility

. . . .

9.   a) For purposes of this Article only, "on the payroll" shall mean any period of time in which an employee is in the following status: employees actively at work, compensable accident or illness under Worker's [sic] Compensation Laws of the Commonwealth of Pennsylvania, Vacations, Holidays, Military Leaves, Bereavement, Jury Duty, Sickness and Accident, approved Leaves of Absence, Union Business, and Disciplinary Suspension.

. . . .

Section B.   Vacation Pay

1. The computation of vacation pay will be 2% of the previous year's W–2 (1/1 to 12/31), excluding pay for time not worked, with the exception of Vacation, Holiday, Worker's [sic] Compensation. . . .

Reproduced Record (R.R.) at 200a, 204a, 242a, 246a–247a.[5]

Employer relies on *Hartwell v. Workmen's Comp. Appeal Bd. (McLean Trucking Co.)*, 96 Pa.Cmwlth. 313, 507 A.2d 902 (1986), for the proposition that because the holiday and vacation payments were "wholly [ ] a consequence of the claimants' disabled status, rather than [ ] the basis of having worked for any number of hours, this court must conclude that the board was correct as a matter of law in allowing credit to the employer." *Id.* at 905. Employer also relies on other instances when an employer is entitled to a credit against workers' compensation obligations including payments in the nature of sickness and accident benefits voluntarily paid in relief of the employee's inability to work, medical and hospital insurance provided at the employer's expense, and disability pension benefit payments. *Murhon v. Workmen's Comp. Appeal Bd. (Kawecki Berylco, Inc.)*, 152 Pa.Cmwlth. 229, 618 A.2d 1178 (1992). Employer contends that Claimant received the holiday and vacation payments solely because he was receiving workers' compensation benefits. We disagree.

Diane Mann, a senior human resource specialist for Employer, credibly testified that, in addition to the workers' compensation benefits that an injured worker receives, Employer pays the difference between holiday pay and the workers' compensation benefit and, at the end of the year, Employer pays the employee for vacation pay earned in that particular year. R.R. at 145a. All employees are entitled to receive holiday and vacation pay. R.R. at 241a–249a. It is clear from the record that Claimant did not receive the holiday and vacation pay

5.   There are two CBAs that apply to the timeframe involved in the present case. For the purposes of this case, the language in question is essentially the same, and the two CBAs will be referred to as one agreement.

solely because he was receiving workers' compensation, but because he would have been entitled to them even if he had not been injured. Employer negotiated the terms of the CBA with the employee union, and agreed to pay these benefits to employees receiving workers' compensation benefits. If Employer is now allowed to receive a credit for holiday and vacation payments made to an employee receiving workers' compensation benefits, then the provisions in the CBA allowing for such payments are meaningless.

■ When holiday or vacation pay is an "entitlement [that] arises from the performance of services for the employer during some stated preceding period, this court has explicitly refused to allow credit to the employer for such [ ] pay." *Hartwell* at 904. Here, holiday and vacation pay under the CBA were based on the years of service an employee had and whether he was considered "on the payroll." R.R. at 200a, 203a–204a, 242a, 244a–247a. Claimant was considered "on the payroll" pursuant to the CBA even though he was receiving workers' compensation. R.R. at 200a, 203a–204a, 242a, 246a–247a. Therefore, Employer is not entitled to a credit for holiday and vacation payments made, and the Board did not err in affirming the WCJ's decision.[6]

■ Next, Employer argues that there was not sufficient evidence for the Board to determine that Claimant did not withdraw from the workforce and "retire" by failing to take steps to seek work for the four years following his injury. In general, "to obtain a suspension of benefits, the employer must demonstrate suitable employment was made available to a claimant. However, our Supreme Court made that rule inapplicable in cases where the claimant retires." *Hepler v. Workers' Comp. Appeal Bd. (Penn Champ/Bissel, Inc.),* 890 A.2d 1126, 1128 (Pa.Cmwlth. 2006) (citation omitted). There is no dispute that Claimant was capable of performing sedentary work. R.R. at 94a. However, in the cases cited by the parties and the Board regarding retirement of a claimant,[7] it was undisputed that the claimant was either retired or receiving a disability pension. In the present case, Employer's witness testified that Claimant was still considered an active employee. R.R. at 155a. In addition, during the time of his disability, Claimant was receiving holiday and vacation pay, and was still accruing seniority. R.R. at 155a–156a. Finally, no work within his sedentary capacity was offered to Claimant by Employer, despite his willingness to accept another position with Employer if one was available. R.R. at 30a. Since Claimant is still considered an active employee by Employer, and he has not voluntarily retired from the workforce, there is sufficient evidence to support the Board's decision to deny Employer's petition for suspension of benefits.

■ Finally, Employer argues that there was not sufficient evidence for the Board to determine that the scope of

---

**6.** Employer also argues that a November 1, 2007 decision of the Board (*Lehman v. ESAB Group,* Appeal Docket No. A07–0749), in which the Board determined that Employer was entitled to a credit for making holiday and vacation payments, rules in the present case. *Lehman* was not appealed. Since this Court is not bound by decisions of the Board, and may only address issues before it, *Lehman* cannot be considered by this Court.

**7.** *Pennsylvania State Univ. v. Workers' Comp. Appeal Bd. (Hensal),* 948 A.2d 907 (Pa. Cmwlth.2008); *Mason v. Workers' Comp. Appeal Bd. (Joy Mining Machinery),* 944 A.2d 827 (Pa.Cmwlth.2008); *Hepler;* and *County of Allegheny v. Workers' Comp. Appeal Bd. (Weis),* 872 A.2d 263 (Pa.Cmwlth.2005).

Claimant's injury should be enlarged. Under Pennsylvania law, the party seeking to modify an NCP has the burden of proving that there is a material mistake of fact or law at the time the NCP was issued or that the injury has changed. *Jeanes Hosp. v. Workers' Comp. Appeal Bd. (Hass)*, 582 Pa. 405, 872 A.2d 159 (2005); *see also* Section 413(a) of the Act, 77 P.S. §§ 771, 772 and 773.

> The WCJ may amend an NCP if it is materially incorrect or if the disability status of the injured employee has changed. An NCP is materially incorrect if the accepted injury (or injuries) does not reflect all of the injuries sustained in the initial work incident. Conversely, and also covered by Section 413(a), injuries that result or flow from the original injury, represent an increase in disability.

*Id.* at 418–419, 872 A.2d at 167; *see also* Section 413(a) of the Act.

█ Claimant presented the testimony of Steven J. Triantafyllou, M.D. (Dr. Triantafyllou), a board-certified orthopedic surgeon, who began treating Claimant in January of 2004. R.R. at 76a, 79a. The WCJ found Dr. Triantafyllou credible. Dr. Triantafyllou testified unequivocally that Claimant suffered from low back pain, lumbar disc disease, stenosis, and lumbar radiculopthy, along with preexisting lumbar disc disease which were caused or aggravated by the 2003 work-related injury. R.R. at 88a, 93a, 103a. Employer argues in its brief that Dr. Triantafyllou agreed that Claimant only complained of pain in the middle of his back and not in his hip, low back or legs, and that the date of injury diagnosis of a mere sprain/strain was appropriate at that time, indicating that the additional diagnoses were not caused by the work-related injury and the testimony was not unequivocal. However,

Competency when applied to medical evidence, is merely a question of whether the witnesses' opinion is sufficiently definite and unequivocal to render it admissible. We have often observed that medical evidence is unequivocal as long as the medical expert, after providing a foundation, testifies that in his professional opinion he believes or thinks the facts exist. Even if the witness admits to uncertainty, reservation, doubt or lack of information with respect to scientific or medical details, as long as the witness does not recant the opinion first expressed, the evidence [is] unequivocal.

*Cerro Metal Prods. Co. v. Workers' Comp. Appeal Bd. (PLEWA)*, 855 A.2d 932, 937 (Pa.Cmwlth.2004) (quotations and citations omitted). Dr. Triantafyllou never recanted his opinion given under direct examination. Dr. Triantafyllou's opinion constituted sufficient evidence for the Board to determine that the scope of Claimant's injury should be enlarged.

For the reasons stated above, we affirm the Board's order.

## ORDER

AND NOW, this 22nd day of May, 2009, the December 19, 2008 order of the Workers' Compensation Appeal Board is affirmed.