IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles Shaffer, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 273 C.D. 2018 |
| | : | Submitted: May 31, 2019 |
| Workers' Compensation Appeal | : | |
| Board (The Helen Mining Company), | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  March 13, 2020


Charles Shaffer (Claimant) petitions for review of the January 31, 2018 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) granting the modification petition filed by The Helen Mining Company (Employer).  We affirm.

On January 27, 1993, Employer issued a notice of compensation payable (NCP) accepting liability for a July 29, 1991 work injury in the nature of a sprained left ankle.  The NCP provided for payment of indemnity benefits, beginning January 14, 1993, at the rate of $436.00 per week, based on an average weekly wage of $1,107.77.  On April 5, 1993, Claimant applied for a disability pension under the United Mine Workers of America (UMWA) 1974 Pension Plan.  Claimant was credited with 23 years of service for Employer, and he was awarded disability

pension benefits of $669.00 per month, effective January 1, 1994. The mine permanently closed on April 13, 1993. Reproduced Record (R.R.) at 10a, 137a.

Claimant filed an Employee's Report of Benefits for Offsets (LIBC-756), dated March 3, 2015, reflecting that he was receiving workers' compensation benefits at the rate of $436.00 per week since January 30, 1993; Social Security benefits of $1908.00 per month, beginning March 1, 1993; and a monthly pension of $704.00, beginning April 1, 1995. On October 15, 2015, Employer filed a modification petition, seeking an offset of Claimant's disability pension benefits. Claimant filed an answer and the matter was assigned to a WCJ.

Employer presented the deposition testimony of Emerson G. Work, assistant director for eligibility process for UMWA Health and Retirement Funds. Work testified that Claimant applied for the UMWA disability pension and had satisfied the requirement of qualifying for Social Security disability benefits. Work confirmed that Claimant was awarded 23 years of signatory service. Work also confirmed that Claimant initially received pension benefits of $669.00 per month, which had increased to $719.00 per month as of January 1, 2009. R.R. at 101a, 105a-108a, 115a.

Work testified that the UMWA pension plan was funded entirely by contributions from employers, based on the hours worked by their employees and the tonnage of coal produced. He explained that the pension plan was not a contributory plan; no contributions were made by employees. Work noted that if Claimant's disability resolved and he returned to work in the mining industry, his UMWA disability benefits would be terminated. If Claimant thereafter returned to work in the mining industry and sustained another disabling injury, he would have the right to apply for a disability pension based on that disability. R.R. at 111a-14a.

2

Employer also offered into evidence a Certificate of Ownership and Merger filed with the Secretary of State of Delaware on December 11, 2000. Employer's Exhibit D-6. The document indicates that "The Helen Mining Company," among other mining companies, was merged into "The Valley Camp Coal Company" effective December 31, 2000.

The WCJ accepted Work's testimony as credible to find that the UMWA disability pension was funded solely by Employer and paid to Claimant in lieu of compensation. The WCJ concluded that Employer was entitled to an offset for the disability pension payments made to Claimant and granted Employer's modification petition. The WCJ determined that Employer was not entitled to a credit against future compensation benefits for any overpayments made to Claimant while the matter was pending, however, and ordered a reduction of Claimant's weekly workers' compensation payment from $436.00 per week to $270.08 per week, effective October 15, 2015. Finding of Fact No. 14. Claimant appealed to the Board, which affirmed the WCJ's decision.

On appeal to this Court,[1] Claimant first argues that the WCJ erred in awarding Employer a credit pursuant to Section 204(a) of the Workers' Compensation Act (Act).[2] As amended in 1996, Section 204(a) permits an employer

---

[1] Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1318 n.4 (Pa. Cmwlth. 1996). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 436 (Pa. 1992).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §71(a). Section 214(a) was amended by the Act of June 24, 1996, P.L. 350 (Act 57).

3

to take an offset or credit against a workers' compensation award for pension benefits paid to a claimant, to the extent the pension benefits are funded by the employer directly liable for the payment of compensation.[3]  *City of Philadelphia v. Workers' Compensation Appeal Board (Grevy)*, 968 A.2d 830, 837 (Pa. Cmwlth. 2009).  Claimant contends that the statutory provision does not apply retroactively to benefits for his July 29, 1991 work injury.

However, prior to the 1996 amendments to Section 204(a), employers were allowed to take an offset or credit for pension benefits "as long as those benefits were paid in lieu of workers' compensation, and were not in the nature of deferred compensation."  968 A.2d at 837; *Toborkey v. Workmen's Compensation Appeal Board (H.J. Heinz)*, 655 A.2d 636, 641 (Pa. Cmwlth. 1995).  After the 1996 amendments, the "factors employed by the courts to determine whether the employer is entitled to a credit have varied in response to the facts of each case."  *City of Philadelphia v. Workers' Compensation Appeal Board (Andrews)*, 948 A.2d 221, 226 (Pa. Cmwlth. 2008).  "These factors include the employee's contribution to the pension, if any; whether the benefits can be depleted; whether pension payment amounts would vary depending on years of service; whether the pension ceased upon recovery from the disability[;] and the pension vesting period."  *Id.* (citations omitted).  The critical determination, however, is whether the benefits are paid in relief of the claimant's inability to labor and in lieu of compensation.  *Id.*; *Oleksa v. Workers' Compensation Appeal Board (Keystone Coal Mining Corp.)*, 734 A.2d 79 (Pa. Cmwlth. 1999); *Toborkey*, 655 A.2d at 640.  Where disability pension benefits

---

[3] The amended provision "serves the legislative intent of reducing the cost of workers' compensation by allowing an employer to avoid paying duplicate benefits for the same loss of earnings." *Pennsylvania State University v. Workers' Compensation Appeal Board (Hensal)*, 911 A.2d 225, 227-28 (Pa. Cmwlth. 2006).  It also recognizes that public policy bars an employer from utilizing an employee's own retirement funds to satisfy its workers' compensation obligation. *Id.*

4

are paid to the claimant in relief of his inability to labor, the employer is entitled to an offset or credit. *Oleksa*, 734 A.2d at 81.

The claimant in *Oleksa* suffered work-related injuries in 1992. He filed two claim petitions, which were granted, and began receiving workers' compensation benefits. In 1996, the employer filed a modification petition requesting an offset or credit against the claimant's workers' compensation for the benefits he received under a UMWA disability pension. In relevant part, the WCJ found: the claimant did not contribute to the disability pension fund; the pension benefits were available only because the claimant suffered a work-related disability; and those benefits would be available again if he returned to work and suffered another work-related injury. Citing those findings, this Court agreed that the UMWA disability pension benefits were paid in relief of the claimant's inability to labor, such that the employer was entitled to a credit.

Claimant acknowledges that his argument was rejected by this Court in *Oleksa.* Indeed, we have repeatedly held that an employer is entitled to credit against its workers' compensation obligations for payments made to a claimant under the same circumstances present here, where the payments are made under a non-contributory plan and in relief of the employee's inability to labor. *See Murhon v. Workmen's Compensation Appeal Board (Kawecki Berylco, Inc.)*, 618 A.2d 1178, 1180-82 (Pa. Cmwlth. 1992) (credit allowed for disability pension benefits made under a non-contributory plan and in relief of the claimant's inability to labor); *Hildebrand v. Workmen's Compensation Appeal Board (Fire Department/City of Reading)*, 532 A.2d 1287 (Pa. Cmwlth. 1987) (remanding for a determination based on those criteria).

Nevertheless, Claimant maintains that because no applicable statutory provision permits an offset, equitable principles must be applied, and the same overwhelmingly favor Claimant. Specifically, Claimant cites his age, his inability to work, and his economic reliance on the benefits. However, where, as here, the pension payments are made in lieu of compensation, the rationale underlying an employer's right to a pension offset does reflect equitable considerations: the employer is not required to provide both payments in lieu of compensation and workers' compensation payments for the same injury, and the claimant is prevented from receiving a double recovery at the employer's expense. *Murphy v. Workers' Compensation Appeal Board (City of Philadelphia)*, 871 A.2d 312, 317 (Pa. Cmwlth. 2005).

Claimant next contends that the WCJ erred by awarding an offset to Employer where there is no competent evidence demonstrating a connection between the entity that made the pension plan contributions and the entity now requesting the credit. Contrary to Claimant's assertions, however, Employer presented credible evidence establishing that it funded the entirety of Claimant's pension. The same entity (Employer) accepted liability for Claimant's injury by way of the NCP and now petitions for modification of its ongoing obligations. Additionally, Employer offered into evidence, without objection, a certified copy of a Certificate of Ownership and Merger, filed with the Secretary of State of Delaware on December 11, 2000, reflecting that The Valley Camp Coal Company succeeded to the rights and liabilities of The Helen Mining Company. "It is well established law in the Commonwealth that when corporations merge the surviving corporation succeeds to both the rights and liabilities of the constituent corporation." *LTV Steel Company, Inc. v. Workers' Compensation Appeal Board (Mozena)*, 754 A.2d 666,

6

677 (Pa. 2000). As our Supreme Court explained in *Mozena*, allowing a surviving company to deny responsibility for the obligations of its predecessor, "would be sanctioning corporate restructuring as a means of escaping liability." *Id.*

Claimant also argues that Employer's petition is barred by laches. The doctrine of laches "is available in administrative proceedings where no time limitation is applicable, where the complaining party failed to exercise due diligence in instituting an action, and where there is prejudice to the other party." *Mitchell v. Workers' Compensation Appeal Board (Devereux Foundation)*, 796 A.2d 1015, 1017-18 (Pa. Cmwlth. 2002). Claimant asserts that all three criteria are satisfied here: (1) there is no time limit applicable to the filing of Employer's petition; (2) Employer waited 20 years to file a petition; and (3) Claimant, now 76 years old and incapable of working, has become financially dependent upon the benefit.

However, while Employer did not explain its failure to file for the offset until October 2015, we conclude that Claimant has failed to establish prejudice. Significantly, the WCJ did not award Employer a credit for the pension payments already made. While the result is a reduction of Claimant's ongoing benefits, we cannot agree that Claimant was prejudiced by the receipt of benefits to which he was not entitled. For this reason, we also disagree with Claimant's assertion that, as a matter of equity, the Court should apply time limitations to Employer's assertion of a common law right.

Claimant's final argument is that principles of equity require the offset to be deducted from Claimant's average weekly wage, rather than his temporary total disability rate. However, applying the credit to Claimant's average weekly wage instead of his temporary total disability rate would deprive Employer of the full

7

offset to which it is entitled and provide Claimant with a double recovery of benefits for the same injury.

Accordingly, we affirm.

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Shaffer,                        :
                                        :
                    Petitioner          :
                                        :
          v.                            : No. 273 C.D. 2018
                                        :
Workers' Compensation Appeal            :
Board (The Helen Mining Company),       :
                                        :
                    Respondent          :


O R D E R


AND NOW, this 13<u>th</u> day of <u>March</u>, 2020, the order of the Workers'
Compensation Appeal Board, dated January 31, 2018, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge