# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Flick, : 
            Petitioner : 
         : 
       v. : 
         : 
Workers' Compensation Appeal Board : 
(Peejays-Semerjian, Inc.), :   No. 842 C.D. 2018
            Respondent :   Submitted: October 12, 2018

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON             FILED: February 15, 2019

       William Flick (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of Workers' Compensation Judge (WCJ) Joseph Stokes. WCJ Stokes denied Claimant's "Review or Reinstatement Petitions" under the Workers' Compensation Act (Act).[1] WCJ's Decision & Order at 5-6, Reproduced Record (R.R.) at 21a-22a. The Board affirmed WCJ Stokes' denial of Claimant's review petition and found that Claimant failed to appeal the denial of his reinstatement petition. Upon review, we affirm.

       Claimant sustained a work-related spinal injury on June 1, 1992 while in the employ of Peejays-Semerjian, Inc. (Employer). WCJ's Findings of Fact (F.F.) 1 & 2, R.R. at 19a. Employer issued a Notice of Compensation Payable (NCP)

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

indicating that Claimant suffered a compensable injury in the nature of a lumbosacral strain and sprain. F.F. 2, R.R. at 319a. On January 14, 2002, WCJ Carl M. Lorine granted Claimant's review petition and amended Claimant's injury to include herniated discs at L4-5 and L5-1 with radiculopathy superimposed on degenerative disc disease and chronic pain syndrome. F.F. 3, R.R. at 19a. On February 25, 2009, WCJ Stokes granted Employer's petition to modify compensation benefits as of June 21, 2006 and ordered the reduction of Claimant's compensation benefits, because Employer had "establish[ed] that there was employment available to Claimant within his physical and vocational capacities[.]" F.F. 4, R.R. at 19a. In January 2016, Claimant's partial disability was suspended as a result of the expiration of 500 weeks of benefits. F.F. 5, R.R. at 19a; *see* Section 306(b)(1) of the Act, 77 P.S. § 512(1) (limiting partial disability benefits to a period of 500 weeks).

On February 5, 2016, Claimant filed a petition to review compensation benefits (Review Petition). Petition at 2 & 4, R.R. at 7a & 9a. Claimant listed as reasons in support of his Review Petition the worsening of his condition and his decrease in earning power resulting from his June 1, 1992 work-related injury, as of September 1, 2015. Petition at 2-3, R.R. at 7a-8a. At a hearing on March 10, 2016, Claimant's attorney indicated that the Review Petition "should actually be a reinstatement" petition, and WCJ Stokes agreed to "amend to reinstatement." WCJ Hearing, 3/10/16 at 1 & 3, R.R. at 46a & 48a.

On May 17, 2016, Claimant testified by deposition that his condition as a result of the 1992 injury had worsened, as he had begun to experience pain in other parts of his body as well as decreased mobility. Deposition of Claimant, 5/17/16 at 1, 9 & 13-14, R.R. at 168a, 176a & 180a-81a. When asked when he first noticed pain in other parts of his body, Claimant responded "[y]ears ago," but that "[he]

could not tell . . . exactly when." Deposition of Claimant, 5/17/16 at 14, R.R. at 181a. Claimant stated that in 2015, he was able to obtain medical insurance and began treating at a pain management center. F.F. 7. Claimant stated that he takes oxycodone three times per day and morphine once per day, and that these medications make him drowsy. F.F. 7. Claimant further testified that he typically spends "20 or more hours a day" lying in bed. Deposition of Claimant, 5/17/16 at 19, R.R. at 186a.

On September 15, 2016, Claimant's chiropractor, Jarrad Teller, D.C., provided deposition testimony. Deposition of Dr. Teller, 9/15/16 at 1, R.R. at 70a. Dr. Teller testified that he and Michael Schina, M.D., a former vascular and trauma surgeon, operate a practice specializing in interventional pain management. Deposition of Dr. Teller, 9/15/16 at 5-10, R.R. at 74a-79a. Dr. Teller testified that he and Dr. Schina treated Claimant with various types of injections and "some rehab" for "a year or two" starting around 2011. Deposition of Dr. Teller, 9/15/16 at 10-12 & 22, R.R. at 79a-81a & 91a. Dr. Teller testified that in 2012, Claimant "was complaining of his whole back, his neck, . . . both legs, both knees, both arms and both shoulders." Deposition of Dr. Teller, 9/15/16 at 22, R.R. at 91a. Dr. Teller testified that Claimant discontinued treatment and that they did not see him again until 2015, when Claimant also complained of migraines and difficulty sleeping. Deposition of Dr. Teller, 9/15/16 at 26 & 39, R.R. at 95a & 107a. Dr. Teller opined that Claimant's lower back condition had worsened since he previously saw Claimant in 2011. F.F. 8, R.R. at 20a. Dr. Teller further opined that as a result of the worsening of his condition and his use of medications, Claimant is totally disabled from any employment. *Id.*

3

On October 26, 2016, Donald Leatherwood, M.D., was deposed, testifying that he had examined Claimant three times—first in 2013, then in 2015 and most recently in 2016. Deposition of Dr. Leatherwood, 10/26/16 at 1& 8, R.R. at 251a & 258a. Dr. Leatherwood testified that a comparison of Claimant's 2010 lumbar magnetic resonance imaging (MRI) to his 2015 lumbar computed tomography (CT) scan revealed "no significant progression" of his condition. Deposition of Dr. Leatherwood, 10/26/16 at 12, R.R. at 262a. Further, Dr. Leatherwood testified that based upon Claimant's history and examinations, as well as a review of Claimant's medical records, he could not discern "any change in [Claimant's] overall condition since the original decision decided his abilities" and that Claimant's condition "remains as originally adjudicated." Deposition of Dr. Leatherwood, 10/26/16 at 14, R.R. at 264a. Moreover, Dr. Leatherwood opined that Claimant is fit to "work at a light-duty level[.]" Deposition of Dr. Leatherwood, 10/26/16 at 15, R.R. at 265a.

On December 20, 2016, the WCJ held another hearing at which Claimant testified that his lower back pain had worsened and that it had begun radiating down his left leg, whereas before it only affected his right leg. WCJ Hearing, 12/20/16 at 1 & 8, R.R. at 52a & 59a. Claimant testified that he still spent 20 hours a day in bed, "give or take maybe one hour." WCJ Hearing, 12/20/16 at 12, R.R. at 63a. Claimant also testified that he was able to take care of himself, to shower and get dressed, to make sandwiches and to sit through a movie. *Id.*

By decision and order dated May 3, 2017, the WCJ denied "Claimant's Review or Reinstatement Petitions," concluding that "Claimant . . . failed to meet the burden of proof necessary to establish entitlement to a Review or Reinstatement of Compensation Benefits as of September 1, 2015 as it relates to . . . Claimant's

4

employment injury of June 1, 1992." WCJ's Decision & Order at 5-6, R.R. at 21a-22a. The WCJ found that "Claimant . . . is credible and convincing [in] that he has not yet fully recovered from his June 1, 1992 employment injury," as "[t]his testimony is consistent with medical records and diagnostic tests." F.F. 10, R.R. at 21a. However, the WCJ determined that "Claimant is not convincing that his condition has worsened . . . as of September 1, 2015," because his "testimony with regard to symptoms related to the 1992 injury has been consistent throughout and there is no evidence supported by objective testing to support a worsening of Claimant's condition in 2015." *Id.* The WCJ deemed Dr. Leatherwood credible and convincing as to his opinion that Claimant's condition had not worsened as of September 2015, based on his thorough review of Claimant's condition and examinations of 2013, 2015 and 2016. F.F. 11, R.R. at 21a. The WCJ noted that "Dr. Leatherwood's opinions are supported by his own clinical observations over three evaluations, medical records and diagnostic tests conducted over a long period of time regarding this 1992 employment injury." *Id.* The WCJ found that "Dr. Teller is credible and convincing as to the symptoms he described and observed while treating [] Claimant." F.F. 12, R.R. at 21a. Further, the WCJ determined that "Dr. Teller is also credible and convincing that he attributes these symptoms to [] Claimant's June 1, 1992 employment incident," as "[t]his opinion is supported by medical records, Claimant's credible testimony as well as the testimony and findings of Dr. Leatherwood." *Id.* However, the WCJ found that Dr. Teller "ha[d] not provided any objective support for a finding of a worsening condition related to the employment injury after September 1, 2015." *Id.*

On May 19, 2017, Claimant appealed to the Board, arguing that the WCJ committed an error of law, that findings of fact were not supported by

substantial evidence, that the WCJ "disregarded evidence [sic] standards" and that the WCJ failed to issue a reasoned decision. Claimant's Appeal to Board at 2-3, R.R. at 25a-26a. Claimant further argued that the WCJ erred by "rel[ying] solely on comparison of [MRI] films which is totally subjective and [] worthless if not clinical[ly] correlated and compar[ed] [using] software[.]" *Id.*

On May 22, 2018, the Board issued an opinion and order affirming the WCJ's decision to deny "Claimant's Review Petition, amended to include a Reinstatement Petition[.]" Board's Opinion & Order at 7, R.R. at 40a. The Board found that "Claimant [did] not seek review of the WCJ's denial of her [sic] Reinstatement Petition," such that it "therefore [need] not address that Petition," but rather reviewed Claimant's remaining Review Petition. Board's Opinion & Order at 1 & 2 n.2, R.R. at 34a & 35a n.2. Further, the Board "determine[d] that the WCJ did not err in concluding that Claimant did not meet his burden of proving that the description of her [sic] work injury should be amended to include additional injuries." Board's Opinion & Order at 5, R.R. at 38a. The Board concluded that the WCJ properly "found credible Dr. Leatherwood's opinions that Claimant did not sustain a worsening of Claimant's accepted work injury of a lumbosacral strain . . . and herniated discs at L4-5 and L5-1 with radiculopathy superimposed on degenerative disc disease and chronic pain syndrome," because "[t]his opinion amounts to substantial, competent evidence sufficient to support the WCJ's decision." *Id.* The Board disagreed with Claimant's assertion "that the WCJ failed to offer a reasoned decision because he relied solely on a comparison of the 2010 MRI and the 2015 CT scan because these diagnostic tests are 'worthless if not clinically correlated' with software." *Id.* The Board pointed out that "Claimant does not cite any statutory or case law that stands for the proposition that two different

types of diagnostic tests are 'worthless' unless they are rendered through a comparison software as opposed to a medical expert's comparison." Board's Opinion & Order at 6, R.R. at 39a. The Board "therefore reject[ed] Claimant's assertions that the WCJ's decision was not reasoned because he relied upon Dr. Leatherwood's expert medical opinion that the two diagnostic tests were comparable and that they showed Claimant's condition to be unchanged." *Id.*

Before this Court,[2] Claimant argues that the Board erred in affirming the WCJ's denial and dismissal of Claimant's "Review/Reinstatement Petition," "because the [Board's] [o]pinion contains errors of law, capriciously disregards competent evidence, and is inconsistent and unsupported by the record." Claimant's Brief at 10. Claimant alleges errors with respect to both a review petition and a reinstatement petition, treating them as two distinct petitions. We will address Claimant's arguments as they relate to each.

Claimant asserts that "[w]ith regard to the Review Petition," the Board erred in determining "that [he] had not sustained his burden of proving that [the] description of the accepted injuries was incorrect." *Id.* at 12 (citing Board's Opinion & Order at 5, R.R. at 38a). Claimant argues that "the Board used an incorrect legal standard to affirm the [WCJ's] denial of Claimant's Review Petition." *Id.* at 11. Claimant contends, "the Board never addressed [] Claimant's actual allegation that chronic pain should be part of the accepted injuries and instead focused on a failure to prove a worsening of condition." *Id.* at 12 (citing Board's Opinion & Order at 4, R.R. at 37a).

---

[2] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 605 n.6 (Pa. Cmwlth. 2018); *see also* Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Employer counters that "[Claimant] never sought to expand his accepted and Judge described injuries," but "[r]ather . . . alleged a worsening of condition and decreased earning power as of September 1, 2015." Employer's Brief at 19. Employer asserts, "[i]n any case, the medical evidence failed to establish that the accepted and Judge described injuries were incorrect or should be further expanded."[3] *Id.*

Although the Board said it was reviewing Claimant's "Review Petition," we find that Claimant has waived his claim that the description of his accepted injuries should be amended, because, before the WCJ, Claimant never alleged that his injuries were incorrectly described or otherwise sought to add to or expand upon his injuries as described in the NCP and amended by WCJ Lorine's 2002 decision. *See* Pa.R.A.P. 1551(a) (stating that, with certain exceptions not applicable here, no question shall be considered by the court which was not raised before the government unit). Claimant's initial Review Petition alleged only a worsening of condition and decreased earning power as of September 1, 2015, R.R. at 8a, allegations essentially consistent with a reinstatement petition, not a review petition. *Compare Stanek v. Workers' Comp. Appeal Bd. (Greenwich Collieries)*, 756 A.2d 661, 668 (Pa. 2000) (stating that where a claimant files a reinstatement

---

[3] Employer also argues that the injury which Claimant seeks to add is already part of Claimant's accepted injury by virtue of WCJ Lorine's decision granting Claimant's 2002 review petition. Employer's Brief at 19. We decline to decide this issue on that basis, because we note that the WCJ's 2002 decision amended the injury description to include "chronic pain syndrome," *see* F.F. 3, R.R. at 19a, while Claimant's brief refers to the injury as "chronic pain," Claimant's Brief at 12. It is not clear to us that chronic pain is the same as chronic pain syndrome, although, arguably, chronic pain might be subsumed within chronic pain syndrome. *See* What Is Chronic Pain Syndrome?, WEBMD, https://www.webmd.com/pain-management/chronic-pain-syndrome-overview#1 (last visited Feb. 11, 2019) (stating, "[a]bout 25% of people with chronic pain will go on to have a condition called chronic pain syndrome (CPS)," which occurs when "symptoms beyond pain alone, like depression and anxiety. . . interfere with their daily lives"). Nonetheless, there is no record evidence regarding whether there is any distinction, and we may not go beyond the record to address this.

8

petition after his 500 weeks of partial disability benefits have expired, the claimant must establish total disability by: (1) proving an "[in]ability to generate earnings (or a 'zero earning capacity'), since partial disability benefits are no longer available to that claimant" and (2) "demonstrat[ing] a worsening of . . . [his or her] medical condition") *with ESAB Welding & Cutting Prod. v. Workers' Comp. Appeal Bd. (Wallen)*, 978 A.2d 399, 404 (Pa. Cmwlth. 2009) (stating "[u]nder Pennsylvania law, the party seeking to modify an NCP has the burden of proving that there is a material mistake of fact or law at the time the NCP was issued or that the injury has changed").

In arguing that the Board applied an "inaccurate legal standard" on his Review Petition, Claimant alleges error because the Board "used reasons that would be attributable to the Reinstatement Petition and not the Review Petition. . . . Specifically, the Board . . . focused on a failure to prove a worsening of condition." Claimant's Brief at 10 & 12. Thus, Claimant has effectively conceded that his allegation of a "worsening of condition" in his Review Petition was not seeking relief under a review petition, but was, in fact, a reinstatement petition. Moreover, and notably, at the initial hearing on March 10, 2016, in response to the WCJ's statement that the "parties are present on a review petition[,]" Claimant's attorney responded that the Review Petition "should actually be a reinstatement" petition. WCJ Hearing, 3/10/16 at 1 & 3, R.R. at 46a & 48; *see McNeil v. Workers' Comp. Appeal Bd. (Dep't of Corr., SCI-Graterford)*, 169 A.3d 171, 176–77 (Pa. Cmwlth. 2017) (finding that a statement made on the record by claimant's counsel during a hearing on claimant's reinstatement petition that surgery for a rotator cuff tear was the basis of the alleged worsening of condition was binding upon client, such that "the Board did not err in relying upon that statement in affirming the WCJ").

Therefore, we agree with Employer that Claimant never sought to modify the description of his injuries. Accordingly, we affirm the Board's decision to deny Claimant's "Review Petition," albeit on different grounds. *See Stalworth v. Workers' Comp. Appeal Bd. (Cty. of Del.)*, 815 A.2d 23, 30 (Pa. Cmwlth. 2002) (holding that this Court may affirm the result reached below if it "is correct without regard to the grounds relied upon by that court").

Claimant next argues, "[w]ith regard to the Reinstatement Petition," that the Board erred in concluding that he failed to appeal the denial of his Reinstatement Petition. Claimant's Brief at 10. Claimant asserts that he "did sustain his burden of proving a worsening of his condition and work-related decrease in earning power as of September 2015 and the Board completely failed to address this issue." *Id.* at 11.

Employer argues that, contrary to Claimant's assertion, "the Board addressed the issue underlying the amended Reinstatement Petition, *i.e.*, whether [Claimant] proved a worsening of condition as of September 1, 2015." Employer's Brief at 20. Employer asserts that "[t]he medical evidence completely failed to establish a worsening of function, pain or examination findings as of September 1, 2015." *Id.* Employer cites the opinion of Dr. Leatherwood "that there had been no change in [Claimant's] examination, symptoms, or ability to work since at least 2013." *Id.* at 21. Employer contends that the WCJ's decision and Board's affirmation that Claimant failed to prove a worsening of condition as of September 1, 2015 to justify a reinstatement of benefits "was reasoned, contained no errors of law and was based on substantial competent evidence." *Id.* at 19.

We agree with Claimant that the Board erred in determining that Claimant failed to appeal the denial of his Reinstatement Petition. Claimant's initial

10

online petition raised as issues the alleged worsening of his condition and decrease in earning power—factors which correspond to a reinstatement petition, albeit the incorrect standard in the post-500-week context. *See Stanek*, 756 A.2d at 668 (requiring a claimant to prove a worsening of condition and total disability due to zero earning capacity following the exhaustion of 500 weeks of partial disability benefits, rather than a mere decrease in earning power). The WCJ's order denied Claimant's "Review or Reinstatement Petitions" and set forth his claim number and dispute number. WCJ's Decision & Order at 1 & 6, R.R. at 17a & 22a. Claimant's online appeal form filed with the Board identifies these same claim and dispute numbers. *See* R.R. at 24a. "An appeal from a workers' compensation judge's decision is deemed to include all claim numbers, dispute numbers and petition numbers referenced in the decision and order that are the subject of the appeal." 34 Pa. Code § 111.11. Further, Claimant's appeal to the Board again raised issues involving the alleged worsening of his condition, thereby indicating Claimant's intent to appeal the denial of his Reinstatement Petition. *See* R.R. at 25a-26a. Therefore, we conclude that the Board's failure to address Claimant's Reinstatement Petition constitutes error.

Normally, in a situation such as this, we would remand the matter to the Board to address the Reinstatement Petition. However, because Claimant cannot prevail as a matter of law, in the interest of judicial economy, we will not remand the matter. Notably, although Claimant argues that the Board failed to address the Reinstatement Petition, in the context of arguing his "Review Petition," Claimant states that Board "used reasons that would be attributable to the Reinstatement Petition . . . and . . . focused on a failure to prove a worsening of condition." Claimant's Brief at 12. In its decision, the Board noted that the WCJ found credible

Dr. Leatherwood's opinion that Claimant did not sustain a worsening of his accepted work injury. Board's Opinion & Order at 5; *see* F.F. 11. The Board further concluded that Dr. Leatherwood's opinion constitutes substantial, competent evidence to support the WCJ's decision that Claimant did not sustain a worsening of his condition.[4] Board's Opinion & Order at 5. Because the Board concluded that the WCJ's determination that Claimant did not sustain a worsening of his condition is supported by substantial, competent evidence, this determination cannot be overturned on appeal. *See Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 605 n.6 (Pa. Cmwlth. 2018) (defining scope of review on appeal). Consequently, Claimant cannot sustain his burden of proof to prevail on his Reinstatement Petition as a matter of law. *See Stanek*, 756 A.2d at 668 (stating that to prevail on a reinstatement petition after the lapse of 500 weeks of partial disability benefits, a claimant must establish, *inter alia*, a worsening of his medical condition). Therefore, on this issue, we affirm the Board, albeit on different grounds. *See Stalworth*, 815 A.2d at 30 n.4 (holding that this Court may affirm the result reached below if it "is correct without regard to the grounds relied upon" by that tribunal).

Accordingly, for the foregoing reasons, we affirm the Board's order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[4] The Board further considered and rejected Claimant's challenge that the WCJ's decision was not reasoned because he relied on Dr. Leatherwood's medical opinion that two diagnostic tests were comparable and showed Claimant's condition to be unchanged. Board's Opinion & Order at 5-6.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Flick,      :
     Petitioner  :
           :
    v.      :
           :
Workers' Compensation Appeal Board :
(Peejays-Semerjian, Inc.),   : No. 842 C.D. 2018
     Respondent :

## O R D E R

  AND NOW, this 15th day of February, 2019, the May 22, 2018 order of the Workers' Compensation Appeal Board is AFFIRMED.

            _____
            CHRISTINE FIZZANO CANNON, Judge